210 A.2d 572.

DORIS M. MALVEY *vs.* DANIEL F. MALVEY.

JUNE 3, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

744.

CONDON, C. J.  This is a wife's petition for divorce on the ground of extreme cruelty.  The case was fully heard on the merits in the family court and resulted in a decision in favor of the petitioner, to which the respondent excepted. The case is here on his bill of exceptions to the denial of his motion to dismiss the petition and to two evidentiary rulings.  However, he did not brief the latter two exceptions and at the oral argument he expressly waived them. Thus the only question before us for review is whether the trial justice erred in denying the motion to dismiss.

It appears from the record that during the direct examination of petitioner she testified in support of the allegation in her petition that she had always demeaned herself as a faithful wife and performed all the obligations of the marriage covenant.  But in cross-examination she admitted that she had left her husband in 1955 and went on a trip with another man during which they occupied the same room in a hotel for two weeks where they were registered as man and wife.  It further appeared from such cross-examination that upon her return from the trip her husband asked her to come back and that she did.  After this reconciliation they resumed cohabitation and another child was born of their marriage.  After a few more questions relating for the most part to the increased drinking by the husband and to family arguments about it the cross-examination was concluded without respondent invoking a ruling by the court as to the effect of the wife's misconduct on her standing as a petitioner.

Immediately upon her redirect examination her counsel proceeded to interrogate her as to how she and her husband lived together after the misconduct episode. At the point where she was asked, "Did you occupy the same bed and bedroom?" respondent objected but the trial justice overruled his objection and noted his exception. Thereafter petitioner testified that she continued living together with her husband conducting herself as a good wife and that their third child was born in 1959.

Although at this point there was no motion addressed to the trial justice to dismiss the petition, respondent makes the overruling of his objection the basis of his first exception which he states in his bill as follows: "to the refusal of the Trial Justice to grant the respondent's motion in effect for a dismissal of her petition and that the petition should be withdrawn, to which denial the respondent's exception was duly noted. See Transcript, page 59. See also Transcript, pages 49 to 59 inclusive." However, it appears from an extended colloquy between respondent's counsel and the trial justice that he finally treated the objection as though counsel had actually moved to dismiss and then ruled that in any event it was premature and denied it.

At that stage of the proceeding a motion to dismiss was not in order and the trial justice was not obliged to entertain it. G. L. 1956, §9-14-22. That section provides:

> "In any equity proceeding or proceeding following the course of equity, after the complainant has completed the presentation of his evidence, the respondent may move for a dismissal of the action, on the ground that upon the facts and the law the complainant has shown no right to relief, without waiving the right to offer evidence in the event that the motion is not granted. If the motion is granted, a decree of dismissal may be entered which shall have the same effect as that of a nonsuit at law."

When respondent made his objection petitioner had not completed the presentation of her evidence. Therefore the

trial justice did not err in holding that respondent's objection was premature if it was to be treated as a motion to dismiss. See *Flynn* v. *Byrne,* 82 R. I. 48.

It is true that at the conclusion of the petitioner's evidence the respondent renewed his motion to dismiss which was again denied. His exception to such denial was duly noted (T. 117) but such exception was not preserved in his bill of exceptions. His failure to incorporate it therein renders it impossible for us to consider it. *McGovern* v. *Lord,* 91 R. I. 392; *Goff* v. *Lunn,* 49 R. I. 455; *Sharpe* v. *Cole,* 43 R. I. 110. Review here by bill of exceptions is jurisdictional, *Worthington* v. *Shewcov,* 89 R. I. 169, and procedure prescribed therefor must be strictly observed. *Sormanti* v. *Deacutis,* 77 R. I. 507; *State* v. *Jones,* 69 R. I. 107.

The respondent's exception which he has briefed and argued is overruled, and the case is remitted to the family court for further proceedings.

## ON MOTION FOR REARGUMENT.

### JUNE 25, 1965.

PER CURIAM. After our opinion in the above case was filed, the respondent by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which he bases his contention that justice requires a reargument.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Julius Schaffer,* for petitioner.

*James Seligman* (Fall River, Mass.), *Norman F. Smith,* for respondent.